# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 10-197 |
| TREMELL ARMSTEAD | SECTION: "G" |

## ORDER

Before the Court is Defendant Tremell Armstead's ("Armstead") "Motion for Reduction of Sentence Pursuant to Amendment 782–All Drugs Minus 2, Under 18 U.S.C. § 3582(c)(2)."[1] Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

On July 8, 2010, Armstead was indicted, along with several other defendants, on one count of conspiracy to distribute and to possess with the intent to distribute one kilogram or more of heroin ("Count 1") and one count of possession with intent to distribute one kilogram or more of heroin ("Count 12").[2] On June 22, 2011, Armstead pleaded guilty to Count 1 and entered into a plea agreement, which was entered under seal.[3] Pursuant to the plea agreement, which was executed under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties recognized that Armstead faced a mandatory sentence of life imprisonment because he had

---

[1] Rec. Doc. 403.

[2] Rec. Doc. 1.

[3] Rec. Doc. 133.

1

multiple prior convictions for felony drug offenses.[4] However, the parties agreed "that a specific sentence of 180 months (15 years) in prison is appropriate in the disposition of this case."[5] On April 25, 2012, the Honorable Helen G. Berrigan sentenced Armstead to 180 months imprisonment, to be followed by five years of supervised release.[6]

On February 4, 2016, Armstead filed a pro se "Motion for Reduction of Sentence Pursuant to Amendment 782–All Drugs Minus 2, Under 18 U.S.C. § 3582(c)(2)."[7] On February 4, 2016, the case was reassigned to this Court.[8] On September 14, 2016, Gary Schwabe of the Federal Public Defender's Office for the Eastern District of Louisiana enrolled in the case.[9] On November 14, 2016, the United States Attorney's Office for the Eastern District of Louisiana ("the Government") filed its opposition to Armstead's motion.[10] On December 14, 2016, the Federal Public Defender's Office filed a brief on behalf of Armstead in further support of Armstead's motion.[11]

---

[4] Rec. Doc. 134 at 2.

[5] *Id.*

[6] Rec. Doc. 313.

[7] Rec. Doc. 403.

[8] Rec. Doc. 402.

[9] Rec. Doc. 405.

[10] Nov. 14, 2016 Brief.

[11] Dec. 14, 2016 Brief.

## II. Parties' Arguments

*A.     Armstead's Arguments in Support of Motion*

Armstead moves the Court to issue an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.[12] Armstead asserts that he is entitled to a reduction of sentence as he qualifies for retroactive application of Amendment 782 to the Sentencing Guidelines, which amended the drug quantity table of the Sentencing Guidelines.[13] Armstead notes that he was sentenced to 180 months imprisonment in accordance with the Rule 11(c)(1)(C) plea agreement.[14] He contends that the Court must consider the guideline range in determining whether to accept a Rule 11(c)(1)(C) plea agreement, and the Court has the authority to reduce a sentence entered in accordance with a Rule 11(c)(1)(C) plea agreement when the guideline range is subsequently lowered by the Sentencing Commission.[15]

*B.     The Government's Arguments in Opposition to Armstead's Motion*

The Government opposes Armstead's motion.[16] The Government argues that at the time of sentencing Armstead's offense level was calculated as a 29 and his criminal history category was IV, making the advisory guideline range 121 to 151 months imprisonment.[17] However, the Government notes that Armstead faced a mandatory sentence of life imprisonment because he had multiple prior convictions for felony drug offenses, but the parties agreed in the Rule

---

[12] Rec. Doc. 403 at 1.

[13] *Id.* at 2.

[14] *Id.*

[15] *Id.* at 3 (citing *Freeman v. United States*, 131 S. Ct. 2685 (2011)).

[16] Nov. 14, 2016 Brief.

[17] *Id.* at 1.

11(c)(1)(C) plea agreement that a specific sentence of 180 months imprisonment was appropriate in this case.[18] Moreover, the Government notes that Amendment 782 to the Sentencing Guidelines reduced Armstead's base offense level to 27, making the new advisory guideline range 120 to 125 months imprisonment.[19]

The Government asserts that if a defendant entered a plea agreement under Rule 11(c)(1)(C) he may or may not be eligible for a sentence reduction.[20] The Government argues that the Fifth Circuit has held that if a defendant's sentence did not rest on the applicable guideline range, but on an express stipulation in his plea agreement that was not tied to a particular guideline range, then he is not eligible for a reduction and a motion for a sentencing reduction should be denied.[21] In contrast, the Government contends that a defendant is eligible for a sentencing reduction if the sentence agreed to under Rule 11(c)(1)(C) was tied to a guideline range which has been lowered by a retroactive amendment to the Sentencing Guidelines.[22]

In Armstead's case, the Government asserts that the Rule 11(c)(1)(C) plea agreement did not expressly rely on the sentencing guideline range.[23] Instead, the Government notes that Armstead faced a potential statutory minimum sentence that was much higher than his guideline

---

[18] *Id.*

[19] *Id.* at 2.

[20] *Id.* (citing *Freeman*, 131 S. Ct. at 2685).

[21] *Id.* (citing *United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016)).

[22] *Id.*

[23] *Id.* at 3.

4

range.[24] The Government avers that the negotiated sentence of 180 months allowed Armstead to avoid the higher statutory minimum sentence.[25] Because Armstead's plea agreement did not: (i) call for him to be sentenced within a particular Guidelines sentencing range; (ii) provide for a specific term of imprisonment based on a Guidelines sentencing range applicable to the subject offense; or (iii) explicitly employ a particular Guidelines sentencing range to establish Armstead's term of imprisonment,[26] the Government asserts that Armstead is not entitled to a sentence reduction.[27]

### C. *Armstead's Arguments in Further Support of His Motion*

On December 14, 2016, the Federal Public Defender's Office filed a brief on behalf of Armstead in further support of Armstead's motion.[28] Armstead notes that his original guideline range was 121 to 151 months imprisonment, and his original sentence was 180 months imprisonment, reflecting a 20 percent increase above the high-end of the original guideline range.[29] Armstead asserts that a comparable increase above the high-end of the new guideline rage would result in a sentence of 150 months imprisonment.[30]

Armstead argues that he is eligible for a sentence reduction because the Sentencing Guidelines clearly played a part in the sentence proposed in the Rule 11(c)(1)(C) plea

---

[24] *Id.* at 2.

[25] *Id.* at 2.

[26] *Id.* (citing *Benitez*, 822 F.3d at 812) (internal citations and quotation marks omitted).

[27] *Id.*

[28] Dec. 14, 2016 Brief.

[29] *Id.* at 1.

[30] *Id.* (125 months x 20% = 25 months).

5

agreement.[31] Armstead contends that his case is distinguishable from *United States v. Benitez*, where the Fifth Circuit affirmed the district court's denial of a sentence reduction, because there the advisory sentencing range was 121 to 151 months imprisonment, but the parties agreed to a sentence of 63 months imprisonment.[32] Armstead asserts that at sentencing Judge Berrigan calculated the correct guideline range, considered the Sentencing Guidelines, and approved the sentence of 180 months, which was a 20 percent upward departure from the high-end of the guideline range.[33] Therefore, unlike in *Benitez*, Armstead contends that his sentence was tethered to both the drug quantity and the guideline range.[34]

Additionally, Armstead submits that he is actively participating in numerous courses in prison, and he previously completed his GED.[35] Moreover, Armstead asserts that he is working in the prison laundry and has received satisfactory work evaluations.[36] According to Armstead his current projected release date is September 9, 2023, and even if the Court granted the proposed reduction from 180 months to 150 months imprisonment, he would have over four years remaining on his sentence to continue educational and vocational training.[37]

### III. Law and Analysis

18 U.S.C. § 3582(c)(2) provides that a defendant's sentence may be modified if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[31] *Id.* at 2.

[32] *Id.* (citing *Benitez*, 822 F.2d at 809–10).

[33] *Id.*

[34] *Id.*

[35] *Id.* at 3.

[36] *Id.*

lowered by the Sentencing Commission." Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in United States Sentencing Guidelines § 1B1.10(a).[38] Amendment 782 to the Sentencing Guidelines amended the drug quantity table found at Section 2D1.1(c) of the Sentencing Guidelines. Amendment 782 went into effect on November 1, 2014, and became retroactively applicable on November 1, 2015, to inmates who were sentenced prior to November 1, 2014.[39]

In *Freeman v. United States*, the Supreme Court considered whether a defendant who pleads guilty in exchange for a specific sentence under a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction.[40] In a plurality opinion, the Supreme Court concluded that "modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement."[41]

In *United States v. Benitez*, the Fifth Circuit adopted Justice Sotomayor's concurring opinion in Freeman, and held that "it establishes the criteria in this circuit for determining whether the sentence of a defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is 'based on a sentencing range that has been lowered by the Sentencing Commission.'"[42] The Fifth Circuit noted that Justice Sotomayor's concurring opinion

---

[37] *Id.*

[38] *United States v. Benitez*, 822 F.3d 807, 810 (5th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

[39] *United States v. Garza*, 2015 WL 7292729 (5th Cir. 2015) (citing U.S.S.G. App. C, Amend 788).

[40] 131 S. Ct. 2685 (2011).

[41] *Id.* at 2692–93.

[42] *Benitez*, 822 F.3d at 811.

7

"recognized that a sentence imposed under a Rule 11(c)(1)(C) plea agreement might be eligible for reduction under § 3582(c)(2) where the agreement: (i) calls 'for the defendant to be sentenced within a particular Guidelines sentencing range;' (ii) provides 'for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty;' or (iii) 'explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment.'"[43] The Fifth Circuit found that, while the plea agreement recognized that the defendant's base offense level would be 34 under the Sentencing Guidelines, the parties stipulated that a sentence of 63 months imprisonment was appropriate, "and nothing in the record tether[ed] that sentence to either the quantity of cocaine involved in the offense or the corresponding advisory guideline range of 121–151 months imprisonment."[44] Therefore, because the defendant's sentence was not "based on" the quantity of cocaine involved or the advisory guideline range, the Fifth Circuit held that the district court did not have authority to reduce the defendant's sentence.[45]

In the instant case, the Rule 11(c)(1)(C) plea agreement provides:

The defendant further understands that the penalty the defendant may receive should his plea of guilty not be accepted is a mandatory minimum sentence of life imprisonment and/or a fine of $10,000,000.00 per Title 18, United States Code, Section 3571. The defendant has three prior drug felonies that would require a mandatory minimum sentence of life imprisonment pursuant to Title 21, United States Code, Section 851.

However, the government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a specific sentence of 180

---

[43] *Id.* (quoting *Freeman*, 131 S. Ct. at 2697–98).

[44] *Id.* at 812.

[45] *Id.*

8

months (15 years) in prison is appropriate in the disposition of this case. All parties agree to the following:

1. that this sentence is appropriate based on the fact that the defendant self-surrendered to the DEA after indictment
2. fully de-briefed and cooperated immediately with the United States and
3. specifically encouraged other co-defendants to cooperate with the DEA.[46]

The plea agreement does not reference the Sentencing Guidelines except to note that Armstead is entitled to a three level reduction for his acceptance or responsibility.[47]

Armstead argues that this case is distinguishable from *Benitez*, where the Fifth Circuit affirmed the district court's denial of a sentence reduction, because there the parties agreed to a sentence that was below the applicable guideline range, whereas here the parties agreed to a sentence that was a 20 percent upward departure from the high-end of the guideline range.[48] However, the Court finds this argument unavailing because the Fifth Circuit's reasoning in *Benitez* was not based on the fact that the parties agreed to a sentence below the applicable guideline range, but on the fact that "nothing in the record tether[ed] th[e] sentence to either the quantity of cocaine involved in the offense or the corresponding advisory guideline range. . . ."[49] In *Benitez*, the plea agreement calculated the defendant's base offense level as 34 and recognized that the defendant would be entitled to a three level reduction of the base offense level for acceptance or responsibility.[50] Here, Armstead's plea agreement recognizes that Armstead would

---

[46] Rec. Doc. 134 at 2.

[47] *Id.*

[48] Dec. 14, 2016 Brief at 2 (citing *Benitez*, 822 F.2d at 809–10).

[49] *Benitez*, 822 F.3d at 812.

[50] *Id.*

9

be entitled to a three level reduction for acceptance or responsibility, but it does not calculate Armstead's base offense level under the Sentencing Guidelines.[51] Instead, the plea agreement recognized that Armstead would face a statutory mandatory minimum sentence of life imprisonment if his plea agreement was not accepted by the Court.[52] Therefore, there is even less reference to the Sentencing Guidelines in Armstead's plea agreement than in *Benitez*, where the Fifth Circuit held that the district court did not have authority to reduce the defendant's sentence.[53]

Armstead also argues that his sentence was based on the Sentencing Guidelines because Judge Berrigan calculated the correct guideline range at sentencing.[54] However, the Court finds this argument equally unavailing because in *Benitez* the district court had also calculated the guideline range at sentencing.[55] Therefore, because Armstead's plea agreement did not: (i) call for him "to be sentenced within a particular Guidelines sentencing range;" (ii) provide "for a specific term of imprisonment" based on "a Guidelines sentencing range applicable to the [subject] offense;" or (iii) "explicitly employ a particular Guidelines sentencing range to establish [Armstead's] term of imprisonment" the Court is without authority to reduce his sentence under 18 U.S.C. § 3582(c)(2).[56]

---

[51] Rec. Doc. 134.

[52] *Id.*

[53] *Benitez*, 822 F.3d at 812.

[54] Dec. 14, 2016 Brief at 2.

[55] *Benitez*, 822 F.3d at 809.

[56] *Id.* at 812.

## IV. Conclusion

Based on the foregoing, the Court concludes that it is without authority to reduce Armstead's sentence under 18 U.S.C. § 3582(c)(2). Accordingly,

**IT IS HEREBY ORDERED** that Armstead's "Motion for Reduction of Sentence Pursuant to Amendment 782–All Drugs Minus 2, Under 18 U.S.C. § 3582(c)(2)"[57] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 19th day of May, 2017.

**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 403.